

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas                    O-7073

Opinion No. 0-7073

Re: May a door of a liquor store
be moved from its accustomed
place in order to be more
than three hundred feet from
a church? And related ques-
tion.

Dear Sir:

Your request for an opinion has been received
and carefully considered by this Department. We quote
your letter as follows:

"I am in receipt of a letter from Dr.
Walter H. McKenzie, Executive Secretary for
the United Texas Drys, 804 Thomas Building,
Dallas 1, Texas, the pertinent part of which
reads as follows:

"'Two cases here in Dallas pertain to
where the door of a building is. If the nor-
mal, ordinary entrance to a building is within
300 feet of a church and the owner of said
building or the lessee sets the door back, mak-
ing a corridor so that the swung door is more
than 300 feet from the door of the church, can
a permit or a license be obtained? If it can,
then if the church moves its doors or extends
a hallway entrance projected far enough that
the door is within three hundred feet of the
package store or beer parlor, will the permit
be cancelled? I should like for you to secure

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford - Page 2

a ruling from the Attorney General's Office on this provision, since there is a difference of opinion here between the city inspector and the enforcement officers.'

"Will you please give me an opinion on the above described situations.

"I suggest that the underlined word 'will' be changed to 'should' in so far as your opinion is concerned."

Article 666-25a, Vernon's Annotated Penal Code of Texas, reads as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

We quote from the case of Stubbs v. Texas Liquor Control Board, 166 S. W. 2nd 178, as follows:

"The meaning generally given by the courts to the phrase 'from front door to front door' is that, any door leading into the church or saloon is a front door; in other words, it is held that a church or saloon may have several front doors and may face upon two or more streets; . . . . In 15 R. C. L., pp. 372-373, the doctrine is stated that . . . . 137. In applying the prohibitions against sales near churches, great liberality is exercised, and the rule of construction usually adopted is said to favor the religious institution, and not the traffickers in liquor . . ."

The Courts of this State have not passed on a fact situation as set forth in your letter; however, the Supreme

Honorable Bert Ford - Page 3

Court of New York in 1901, In re Cheney (72 N. Y. S. 134), under a similar fact situation, stated as follows:

"The entrance from and to which distance is to be computed for the purpose of determining what buildings, if any, are within a radius of 200 feet, is the entrance or opening in the building occupied as a saloon. Such entrance or opening in this case is controlling, rather than the location of the door set back from the wall in the entrance way."

In reply to your first question, it is our opinion that when a city has enacted a valid ordinance prohibiting the sale of alcoholic beverages within three hundred (300) feet of any church, public school or public hospital, that if the front doors of a proposed liquor store and a church are less than three hundred (300) feet apart according to the system of measurement set forth in Article 666-25a of Vernon's Annotated Penal Code as construed in Stubbs v. Texas Liquor Control Board, supra, the owner or lessee of such building cannot defeat the very purpose of the ordinance by setting the swung door back, in the manner described in your request, so that it will be more than three hundred (300) feet from the front door of the church. It would not be proper to issue a permit or license under such circumstances.

As we have answered your first question in the negative, we do not believe it is necessary to answer your second question.

Trusting that the foregoing fully answers your inquiry, we remain,

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 1, 1946

ATTORNEY GENERAL OF TEXAS

By
Richard H. Cooke
Assistant

By
James N. Ware
R. & E. Assistant

JNW:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN